**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Corwin Binkley,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-18-08243-PCT-MTL<br><br>**ORDER** |

Before the Court is Bradley Binkley's Petition for Writ of Habeas Corpus. (Doc. 1.) The Court has reviewed the Petition, Response to the Petition (Doc. 9), Reply to the Response (Doc. 10), Report and Recommendation ("R&R") (Doc. 13), Objection to the R&R (Doc. 21), and Response to the Objection (Doc. 18). The Court will overrule the Objection and adopt the recommendation to dismiss the Petition.

**I. BACKGROUND**

A jury convicted Petitioner for luring a minor for sexual exploitation and tampering with evidence. (Doc. 9-1 at 5.) The Arizona Court of Appeals affirmed. (Doc. 9-2 at 15.) Petitioner sought discretionary review by the Arizona Supreme Court, which was denied. During a subsequent state post-conviction relief process, he presented two issues to the Arizona Court of Appeals: that Petitioner was sentenced under a facially overbroad statute and that his convictions violated the Arizona and federal double jeopardy clauses. *State v. Binkley*, No. 2 CA-CR 2017-0072-PR, 2017 WL 1193699, at *1 (Ariz. Ct. App. 2017). The Court of Appeals granted review and denied relief. *Id*. at

*2. On September 12, 2017, the Arizona Supreme Court denied Petitioner's request for review. (Doc. 9-2 at 122.)

Petitioner mailed his Petition for Writ of Habeas Corpus to this Court on September 27, 2018. (Doc. 1.) He asserted five grounds for relief: (1) facial overbreadth of the statute which defines luring a minor for exploitation; (2) lack of jurisdiction in the county where he was tried; (3) violation of the U.S. Constitution's Double Jeopardy Clause; (4) prosecutorial vindictiveness in his post-conviction proceedings; and (5) the statute authorizing lifetime probation is overbroad and violates due process. (*Id*.)

## II. LEGAL ANALYSIS

### A. Legal Standard on Petition for Writ of Habeas Corpus

"When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). Habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. AEDPA provides a one-year statute of limitations concerning habeas petitions. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (d)(2).

This Court reviews *de novo* those portions of the Magistrate Judge's report subject to an objection. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* District courts are not required to review "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B. Petitioner's Objections

The R&R found that ADEPA's one-year statute of limitations ended on September 12, 2018, one year after the Arizona Supreme Court denied review of the post-conviction proceedings. (Doc. 13 at 5.) Further, it found that none of the criteria for equitable tolling applied. (*Id.* at 5-7.) Additionally, the R&R found that all claims were either procedurally defaulted or non-exhausted. (Doc. 13 at 8-9.) The R&R found that none of the exceptions allowing a habeas court to hear a procedurally defaulted claim apply. (Doc. 13 at 10.)

In his Objection, Petitioner argues that his post-conviction relief proceedings were his first opportunity to raise ineffective assistance of counsel claims, thus making it an of-right proceeding. (Doc. 21 at 13.) As a result, Petitioner argues, he had the right to seek certiorari from the United States Supreme Court, tolling the statute of limitations beyond the September 2017 statute of limitations deadline calculated in the R&R. (*Id.*) He also alleges that Arizona Department of Corrections facilities "do not have law libraries," thus providing a basis for equitable tolling. (*Id.* at 20.) Finally, he alleges that any procedural default would be excused under *Martinez v. Ryan*, which holds that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). (Doc. 21 at 21.)

Petitioner's state court post-conviction proceedings were collateral rather than

direct, of-right review because he was convicted by a jury. *See* Ariz. R. Crim. P. 32.1 ("A defendant who plead guilty or no contest . . . may file an of-right notice of post-conviction relief."). Thus, the time for Petitioner to seek certiorari did not fall within the scope of 28 U.S.C. § 2244(d)(1)(A)'s tolling provision. The Court finds that the R&R correctly calculated the statute of limitations. Petitioner's claim that Arizona prisons do not have law libraries is dubious, especially in light of his detailed statutory and constitutional interpretation arguments with case citations. His cursory assertion does not meet his "heavy burden to show that [he] is entitled to equitable tolling. . . ." *See Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014). Finally, *Martinez v. Ryan* does not apply as Petitioner suggests in his Objection. *Martinez* allows a habeas court to hear certain ineffective assistance of counsel claims that would otherwise be procedurally defaulted. *Martinez*, 566 U.S. at 9. While Petitioner does attribute his procedural default to attorneys, none of the claims before this Court are ineffective assistance of counsel claims. Therefore, *Martinez* does not apply. The Court overrules the Objection and adopts the R&R.

### C. Certificate of Appealability

The R&R finds that because Petitioner has not made a substantial showing that a state court denied a constitutional right, the Court should deny a certificate of appealability. (Doc. 13 at 12.) The Objection requests a certificate of appealability without making a sufficient supporting argument. (Doc. 21 at 22.) This Court finds that jurists of reason would not "find it debatable whether the Petition states a valid claim of the denial of a constitutional right . . . [or that] the district court is correct in its procedural ruling" that the claims are time-barred and procedurally defaulted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court will deny the certificate of appealability.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** adopting the Report and Recommendation. (Doc. 13.)

**IT IS FURTHER ORDERED denying** the Petition for Writ of Habeas Corpus (Doc. 1) and dismissing it with prejudice.

**IT IS FURTHER ORDERED denying** Petitioner's request for a Certificate of Appealability. (Doc. 21 at 22.)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment.

Dated this 18th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge